IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILMA JEANNA DECAMPO, | ) Civ. No. 14-00092 ACK-BMK |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OS RESTAURANT SERVICES, LLC, a | ) |
| Florida Limited Liability | ) |
| Company; OUTBACK STEAKHOUSE OF | ) |
| FLORIDA, LLC, a Florida Limited | ) |
| Liability Company, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

For the following reasons, the Court hereby GRANTS
Defendants' Motion to Dismiss for Failure to State a Claim. Count
I of the Complaint is DISMISSED WITHOUT PREJUDICE to the extent
Plaintiff bases the claim on allegations of a hostile work
environment, retaliation under the ADEA, or constructive
discharge, or on events that occurred prior to March 3, 2012.
Count II of the Complaint is DISMISSED WITHOUT PREJUDICE in its
entirety. Count III of the Complaint is DISMISSED WITHOUT
PREJUDICE to the extent it is premised upon events that occurred
prior to July 1, 2012, and to the extent Plaintiff seeks to bring
a claim based on religious, disability, or national origin
discrimination.

## PROCEDURAL BACKGROUND

On January 15, 2014, Plaintiff Wilma J. Decampo ("Plaintiff") filed her Complaint against Defendants OS Restaurant Services, LLC ("OS") and Outback Steakhouse of Florida, LLC ("Outback"; together, "Defendants") in the Circuit Court of the First Circuit, State of Hawaii. (Doc. No. 1, Ex. A.) Defendants filed a notice of removal on February 26, 2014, citing federal question jurisdiction and diversity of the parties. (Doc. No. 1.)

On March 5, 2014, Defendants filed the instant Motion to Dismiss for Failure to State a Claim. (Doc. No. 6.) Plaintiff filed her opposition to the motion on April 15, 2014.[1] (Doc. No. 16.) Defendants filed a reply on April 17, 2014. (Doc. No. 18.) A hearing on the motion was held on April 28, 2014.

## FACTUAL BACKGROUND[2]

Plaintiff is a 78 year old woman, originally born in Australia, who resides in Hawaii. (Compl. ¶ 2.) Plaintiff was employed as a hostess at an Outback Steakhouse restaurant owned by Outback and managed by OS in Kailua-Kona, Hawaii, from

---

[1] The Court will consider Plaintiff's opposition, notwithstanding the fact that it was untimely filed.

[2] The facts as recited in this order are for the purpose of disposing of the current [motion(s)/appeal(s)/issue(s)] and are not to be construed as findings of fact that the parties may rely on in future proceedings.

November 2006 to January 2011.[3/] (<u>Id.</u> ¶¶ 2, 4, 8, 19-20.)
Plaintiff primarily worked at the front of the restaurant,
greeting customers, planning seating at tables, and showing
customers to their tables; she also occasionally performed duties
related to clean up and re-stocking of server areas. (<u>Id.</u> ¶ 21.)

Plaintiff alleges that she was singled out by other
Kona Outback employees and managers who subjected her to unlawful
discriminatory and harassing conduct and intimidation because of
her age. (<u>Id.</u> ¶ 22.) Specifically, Plaintiff alleges that, on May
6, 2009, Plaintiff wrote a letter to Matthew Brown, "Managing
Partner" for the Kona Outback, documenting an incident of age-
related harassment during which Plaintiff's "managers" told her
not to speak with customers at tables because they "did not want
to see the likes of her when on vacation." (<u>Id.</u> ¶ 23.) Plaintiff
states that Defendants failed to investigate her complaint, and
that other employees subsequently subjected her to similar verbal
harassment, in addition to complaining about having to share tips
with Plaintiff. (<u>Id.</u> ¶¶ 24, 27.) Plaintiff alleges that her
fellow employees did not similarly complain about having to share

---

[3/] Plaintiff's Complaint is somewhat inconsistent regarding
the relevant dates: Plaintiff states at one point that she was
employed until February 2011, (<u>id.</u> ¶ 2), at another that she was
employed until January 2010, (<u>id.</u> ¶ 20), and in a third place
that she resigned in January 2011, (<u>id.</u> ¶ 32.) Based on the
Complaint as a whole, as well as the parties' filings, the Court
believes that the correct date of her resignation is January
2011.

tips with younger employees. (<u>Id.</u> ¶ 27.) Plaintiff alleges that
Jaqui Grow (apparently either a fellow employee or a manager)
told Plaintiff to "just quit" on several occasions when Plaintiff
complained of this harassment. (<u>Id.</u> ¶¶ 25-26, 28.)

In December 2010, Plaintiff wrote to Tim Madonna
(described by Plaintiff as "Joint Venture Partner for Hawaii
operations") to ask for assistance regarding the harassment she
was experiencing at work; Plaintiff alleges that Madonna took no
action to address her repeated complaints and no employees ever
faced disciplinary measures as a result of the incidents of
harassment. (<u>Id.</u> ¶¶ 29-31.) Plaintiff states that, as a result of
Defendants' failure to address her repeated complaints, she was
forced to resign from her job in January of 2011. (<u>Id.</u> ¶ 32.)
Plaintiff further alleges that, after she left her job,
Defendants hired several new hostesses, all of whom were "much
younger" than Plaintiff. (<u>Id.</u> ¶ 33.)

In June of 2012, Plaintiff contacted Brown and asked
for her job back. (<u>Id.</u> ¶ 35.) Plaintiff states that Brown told
her that he would be willing to re-hire her; she therefore
applied for a position of hostess on June 20, 2012. (<u>Id.</u> ¶¶ 35-
36.) Plaintiff alleges that she and Brown had a phone
conversation in mid-July of 2012 during which Plaintiff told
Brown that she "had passed the test for the hostess/customer
service job position and they discussed the required uniform and

other details"; Brown gave no indication that Plaintiff would not be hired. (Id. ¶ 37.) On July 27, 2012, however, Brown called Plaintiff and informed her that, during a staff meeting, the staff had told Brown that they did not want Plaintiff to be re-hired. (Id. ¶ 38.) Plaintiff alleges that Brown hired new hostesses in February and November of 2012, but did not hire Plaintiff in July of 2012. (Id. ¶ 39.)

On December 28, 2012, Plaintiff filed administrative charges of discrimination on the basis of age against Defendants with the United States Equal Employment Opportunity Commission ("EEOC") and the Hawaii Civil Rights Commission ("HCRC"). (Id. ¶ 14.) On October 17, 2013, the HCRC issued a Notice of Dismissal and Right to Sue letter. (Id. ¶ 16.)

Plaintiff brings the following claims in her Complaint: (1) age discrimination, hostile work environment, and constructive discharge in violation of unspecified provisions in the Age Discrimination in Employment Act ("ADEA") (Count I); (2) retaliation "in violation of the ADEA Section 1981" (Count II); and (3) age discrimination and possibly religious and national origin discrimination in violation of Hawaii Revised Statutes Chapter 378 (Count III). (Id. ¶¶ 45-63.) Plaintiff seeks declaratory and monetary relief. (Id. ¶¶ A-F.)

**STANDARD**

Rule 12(b)(6) authorizes the Court to dismiss a

complaint that fails "to state a claim upon which relief can be granted." The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011).

On a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012) (citation omitted). The Court may not dismiss a "complaint containing allegations that, if proven, present a winning case . . . no matter how unlikely such winning outcome may appear to the district court." Balderas v. Countrywide Bank, N.A., 664 F.3d 787, 791 (9th Cir. 2011).

Nonetheless, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citations omitted). "[O]nly pleaded facts, as opposed to legal conclusions, are entitled to assumption of the truth." United States v. Corinthian Colls., 655 F.3d 984, 991 (9th Cir. 2011) (citation omitted). A "formulaic recitation of the elements of a cause of action" will not defeat a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations

and quotations omitted). The complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 556-57). Moreover, the Court need not accept as true allegations that contradict the complaint's exhibits, documents incorporated by reference, or matters properly subject to judicial notice. <u>Lazy Y Ranch Ltd. v. Behrens</u>, 546 F.3d 550, 588 (9th Cir. 2008); <u>Sprewell v. Golden State Warriors</u>, 255 F.3d 979, 988 (9th Cir. 2001).

The Court should grant leave to amend "even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts." <u>OSU Student Alliance v. Ray</u>, 699 F.3d 1053, 1079 (9th Cir. 2012). Leave to amend "is properly denied, however, if amendment would be futile." <u>Carrico v. City & County of S.F.</u>, 656 F.3d 1002, 1008 (9th Cir. 2011).

## DISCUSSION

In the instant motion, Defendants seek dismissal of the

following claims in Plaintiff's Complaint: (1) any federal claims based on conduct that occurred prior to March 3, 2012 (300 days prior to the filing of her EEOC charge), and any state claims based on conduct that occurred prior to July 1, 2012 (180 days prior the filing of her HCRC charge); (2) Count II of the Complaint, Plaintiff's retaliation claim; and (3) any claims Plaintiff may be making based on national origin or religious discrimination. (Mot. at 1-2.)

## I.    Judicial Notice of Plaintiff's HCRC Charge of Discrimination

As an initial matter, Defendants ask the Court to take judicial notice of the December 28, 2012 Charge of Discrimination filed by Plaintiff with the HCRC. (See Mot. Ex. A (HCRC Charge).) Plaintiff does not appear to oppose this request. (See generally Opp'n.)

"Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, Fed. R. Civ. P. 12(d), it 'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)). Judicial notice is generally appropriate for the records of administrative bodies. Id. Because the HCRC charge is a matter of public record, the Court grants

Defendants' request to take judicial notice of that document. <u>See</u>
<u>Onodera v. Kuhio Motors Inc.</u>, Civ. No. 13-00044 DKW-RLP, 2013 WL
4511273, at *2 (D. Haw. Aug. 23, 2013).

## II. <u>Exhaustion</u>

Plaintiff brings two federal claims under the ADEA, and
one state law claim pursuant to Hawaii Revised Statutes Chapter
378. Both the ADEA and section 378-2 of the Hawaii Revised
Statutes require a plaintiff to exhaust her administrative
remedies before filing a civil action against an employer for
alleged discrimination.

### A. **Plaintiff's ADEA Claims**

For the Court to have federal subject matter
jurisdiction over Plaintiff's ADEA claims, Plaintiff must have
first exhausted her EEOC administrative remedies with respect to
those claims. <u>See</u> <u>EEOC v. Farmer Bros. Co.</u>, 31 F.3d 891, 899 (9th
Cir. 1994).[4] Plaintiff brings two claims under the ADEA: (1) age
discrimination premised upon claims of constructive discharge,
hostile work environment, and failure to hire, and (2)
retaliation.[5] (Compl. ¶¶ 45-55.) The ADEA requires exhaustion of

_____

[4] This case, as well as a number of other cases cited in
this order, is a Title VII rather than ADEA case; however, courts
generally apply the same basic standards to both ADEA and Title
VII cases. <u>See</u> <u>Albano v. Schering-Plough Corp.</u>, 912 F.2d 384, 386
n.1 (9th Cir. 1990).

[5] As discussed more fully below, it is somewhat unclear
whether Plaintiff is bringing her retaliation claim pursuant to
(continued...)

all claims by nonfederal employees. <u>See</u> 29 U.S.C. § 626(d)(1);

<u>Limongelli v. Postmaster General of United States</u>, 707 F.2d 368,

372 (9th Cir. 1983)(per curiam) ("This incident was not

encompassed in his earlier EEOC charge. He did not exhaust his

administrative remedies under ADEA and therefore cannot look to

the courts for relief.")

     Plaintiff filed her administrative charge with the EEOC

on December 28, 2012.[6/] In the EEOC charge Plaintiff states that

she was denied the hostess position at the Kona Outback on July

27, 2012 because of her age (77 years at the time) and

"ancestry/national origin" (Australian). (Mot., Ex. A.) It

therefore appears that, on its face, the administrative charge

only encompasses Plaintiff's claim for failure to hire, and does

not address Plaintiff's other claims for constructive discharge,

hostile work environment, or retaliation.

     Nevertheless, Plaintiff argues that her claims based

upon the alleged harassment and retaliation[7/] that occurred

---

[5/](...continued)
the ADEA or some other law. In Count II of the Complaint,
Plaintiff states that Defendants retaliated against her "in
violation of the ADEA Section 1981." (Compl. ¶ 53.) There is,
however, no section 1981 in the ADEA.

    [6/] Under the dual filing system used by Hawaii, Plaintiff
was deemed to have filed identical charges with the EEOC and the
HCRC on the same date. (<u>See</u> Opp'n at 8; Mot., Ex. A at 1.)

    [7/] As discussed more fully below, it is unclear from the
face of the Complaint whether Plaintiff is bringing her
                                 (continued...)

during her prior employment with Outback, as well as the alleged

constructive discharge in 2011, should be deemed to fall within

the scope of her December 28, 2012 charge. (Opp'n at 4-5.)

"Allegations of discrimination not included in the plaintiff's

administrative charge may not be considered by a federal court

unless the new claims are like or reasonably related to the

allegations contained in the EEOC charge." B.K.B. v. Maui Police

Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002) (internal quotations

omitted). In determining whether Plaintiff has exhausted

allegations that she did not specify in her administrative

charge,

> it is appropriate to consider such factors as the
> alleged basis of the discrimination, dates of
> discriminatory acts specified within the charge,
> perpetrators of discrimination named in the
> charge, and any locations at which discrimination
> is alleged to have occurred. In addition, the
> court should consider plaintiff's civil claims to
> be reasonably related to allegations in the charge
> to the extent that those claims are consistent
> with the plaintiff's original theory of the case.

Id. Here, the alleged basis of the discrimination (Plaintiff's

age), as well as the location (the Kona Outback) and the

perpetrators (Matt Brown and Plaintiffs' former co-workers)

appear to be the same. As to the theory of the case, however,

Plaintiff's allegations in the EEOC charge cannot reasonably be

---

<sup>7/</sup>(...continued)
retaliation claim pursuant to the ADEA or some other federal law.
To the extent it is brought under the ADEA, it is subject to
federal exhaustion rules.

read to encompass her claims for constructive discharge, retaliation, and hostile work environment.

With respect to Plaintiff's claim for constructive discharge, the Ninth Circuit has stated that an administrative claim for failure to promote does not encompass a claim for constructive discharge. See <u>Albano</u>, 912 F.2d at 386 ("We have previously held that a constructive discharge claim is not like or reasonably related to a charge of discrimination in promotion."). Similarly, Plaintiff's constructive discharge claim could not reasonably be expected to grow from the allegation of failure to hire in her administrative charge. While the December 28, 2012 charge states that Plaintiff was employed at the Kona Outback "during November 2006 through January 2010[8/] as a Hostess/Customer Service [sic.]," it does not make any mention of Plaintiff's alleged constructive discharge or the circumstances surrounding her departure from the job other than stating that after she "left" she stayed in touch with Matt Brown, her former manager. (Mot., Ex. A.) The charge expressly mentions her departure from the Outback and yet fails to even hint at any discriminatory circumstances surrounding that departure. The Court therefore concludes that charge does not encompass Plaintiff's claim of constructive discharge.

---

[8/] It appears that the January 2010 date is a typographical error, and Plaintiff meant to indicate that she worked at the Outback until January 2011. (<u>See</u> Opp'n at 6 n.1.)

Similarly, as to Plaintiff's claims for retaliation and hostile work environment, "the crucial element of a charge of discrimination is the factual statement contained therein." B.K.B., 276 F.3d at 1100 (quotations and citations omitted). Construing the allegations in the charge with the utmost liberality, they still fail to suggest that Plaintiff was subject to a hostile work environment during her initial period of employment at the Outback, or that she was retaliated against for complaining about the discriminatory conduct. Nowhere in the charge does Plaintiff indicate that Defendants' determination not to re-hire her was retaliatory in nature, or that she had previously complained of or experienced harassing behavior. Indeed, Plaintiff specifically states in the charge "I believe but for my age and ancestry/national origin, I would not have been denied the position." (Id.) This statement is inconsistent with a claim that Defendants' failure to re-hire Plaintiff was retaliatory (as opposed to simply discriminatory) in nature. Moreover, there is no indication on the charge at all that any discriminatory conduct took place at any time other than on July 27, 2012: the factual allegations in Plaintiff's EEOC charge relate exclusively to Matt Brown's failure to re-hire Plaintiff on that date, and on the charge form the "date(s) discrimination took place" is listed as July 27, 2012 under the "latest" column, with no date listed under the "earliest" column, and the

"continuing violation" box thereunder not checked. (<u>Id.</u>) In sum, it appears the charge is based entirely and solely upon the July 27, 2012 incident wherein, notwithstanding the fact that Plaintiff passed "the test for my job," and was under the impression she would be re-hired, Matt Brown told Plaintiff he was not going to re-hire her, and that the other employees "just don't want you here." (<u>Id.</u>)

While the Court acknowledges that EEOC charges should be construed "with the utmost liberality since they are made by those unschooled in the technicalities of formal pleading," the Court cannot conclude that Plaintiff's very specific allegations in the charge should be read to encompass more than what they say: that Matt Brown refused to re-hire Plaintiff because of her age and national origin. <u>See</u> <u>B.K.B.</u>, 276 F.3d at 1100 (internal quotation marks omitted); <u>see also</u> <u>Farmer Bros.</u>, 31 F.3d at 899 ("The district court had subject matter jurisdiction over [plaintiff's] allegations of discriminatory layoff if that claim fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."); <u>Turner v. Dep't of Educ. Hawaii</u>, 855 F. Supp. 2d 1155, 1170-71 (noting that the "administrative charge requirement serves the purposes of 'giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision'" and concluding that the

plaintiff's allegations based on discrete acts on a single day "do not suggest a claim for any actions involving Plaintiff prior to [that date] or that he was subject to a hostile work environment."). In short, the charge does not provide any facts that remotely suggest claims of hostile work environment, retaliation, or constructive discharge. As such, to the extent Plaintiff brings any ADEA claims other than refusal to hire, Plaintiff has failed to exhaust those claims. Specifically, the portion of Count I premised upon Plaintiff's claims of constructive discharge and hostile work environment, as well as Count II, Plaintiff's claim of retaliation (to the extent it is brought under the ADEA), are DISMISSED for failure to exhaust.

## B. Plaintiff's State Law Claims

Plaintiff also brings a state law claim in Count III of her Complaint, which (while quite confusingly drafted) appears to be an attempt to bring an age discrimination claim based upon the same factual allegations supporting Plaintiff's ADEA claim. (Compl. ¶¶ 56-62.) Hawaii law similarly requires a plaintiff to exhaust her administrative remedies before bringing a claim for discrimination pursuant to Hawaii Revised Statutes Chapter 378. See Haw. Rev. Stat. §§ 378-4, 368-11; see also You v. Longs Drugs Stores California, LLC, 937 F. Supp. 2d 1237, 1248 (D. Haw. 2013).

As discussed above, Plaintiff's December 28, 2012

charge only encompasses her claim for failure to hire.
Nevertheless, Plaintiff alleges in her Complaint that Defendants
discriminated against Plaintiff when they "suspended and
subsequently fired Plaintiff because she wears a hijab and would
not remove her hijab." (Compl. ¶ 61.) Based upon the remainder of
the Complaint, the Court suspects this paragraph is a
typographical error, as nowhere else in her Complaint or charge
does Plaintiff mention her religion, that she wears a hijab, or
that she was suspended and fired (indeed, Plaintiff states
elsewhere in her Complaint that she left her position because of
the harassing behavior). Nevertheless, to the extent Plaintiff is
attempting to bring a claim of religious discrimination based
upon these factual allegations, she has failed to exhaust that
claim, as it is clearly not contemplated by the HCRC charge. See
French v. Hawaii Pizza Hut, Inc., 99 P.3d 1046, 1060-61 (Haw.
2004) (upholding lower court's ruling that the plaintiff had
failed to exhaust her gender discrimination claim where the HCRC
charge contained no facts to support such a claim). Thus, to the
extent Plaintiff is attempting to make any state law claims other
than failure to hire in Count III of her Complaint, they are
DISMISSED for failure to exhaust.

**III.** **Timeliness**

        Defendants also argue that certain of Plaintiff's
claims are barred as untimely. With respect to Plaintiff's

16

federal claims, in order to bring a claim of discrimination under the ADEA where, as here, state law also bars discrimination on the basis of age, a plaintiff must first file an administrative charge within 300 days of the allegedly discriminatory act. 29 U.S.C. § 626(d)(1); see also You, 937 F. Supp. 2d at 1248. As to her state law claims, section 368-11[9/] of Hawaii Revised Statutes requires complaints alleging unlawful discrimination in violation of sections 378-1 to 378-10 of Hawaii Revised Statutes to be filed with the HCRC within 180 days of either the occurrence of the alleged discrimination or the last occurrence in a pattern of ongoing discriminatory practice. See Sam Teague, Ltd. v. Hawaii Civil Rights Comm'n, 971 P.2d 1104, 1111 (1999).

As discussed above, Plaintiff's claim in the administrative charge is based upon Defendants' refusal to hire her, a claim that constitutes a discrete (rather than continuing) act of discrimination. See National R.S. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) (stating that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges," and including "refusal to hire" in a list of "discrete acts"). Plaintiff filed her administrative charge on December 28, 2012

_____

[9/] Chapter 368 of Hawaii Revised Statutes governs the procedure by which administrative complaints of discrimination under Part I of chapter 378 are filed. See Haw. Rev. Stat. §§ 378-4; 368-11.

and stated on the charge that the latest date on which the
discrimination took place was July 27, 2012. Plaintiff's federal
and state law claims based upon the failure to hire that took
place on July 27, 2012 are thus clearly timely under both state
and federal law, as the charge was filed within 300 (for federal
claims) and 180 (for state claims) days of the date on which the
discriminatory act allegedly took place.

To the extent Plaintiff attempts to base her federal
claims on any other discriminatory conduct, however, her ADEA
claims are timely only for any discriminatory acts that took
place after March 3, 2012 (300 days prior to the filing of her
December 28, 2012 EEOC Charge). Similarly, to the extent
Plaintiff seeks to base her state law claim on any other
discriminatory conduct, her state law claim is timely only for
any discriminatory acts that took place after July 1, 2012 (180
days prior to the filing of her December 28, 2012 HCRC Charge).
Thus, to the extent Plaintiff seeks to base any federal or state
law claims on the alleged workplace harassment that took place
from 2009 to 2011, (see Compl. ¶¶ 22-32,) such claims are
untimely and therefore barred. While Plaintiff may be able to use
the alleged prior acts that took place from 2009 to 2011 as
background evidence in support of her timely claims, she may not
bring any independent claims based upon conduct that occurred
outside the time periods for filing administrative charges. See

Morgan, 536 U.S. at 113.

## IV. Plaintiff's Retaliation Claim (Count II)

As discussed above, to the extent Plaintiff's retaliation claim is brought under the ADEA, Plaintiff has failed to exhaust her administrative remedies and the claim is therefore barred. The drafting of Plaintiff's Complaint is, however, a bit unclear as to which law Plaintiff is bringing her retaliation claim under. Specifically, Plaintiff states that Defendants retaliated against her "in violation of the ADEA Section 1981" by "subjecting Plaintiff to acts of discrimination, harassment and humiliation, withdrawing an agreed upon accommodation for Plaintiff's disabilities, transferring Plaintiff to an overnight shift, and encouraging and/or coercing Plaintiff's co-workers to falsely contradict Plaintiff's truthful allegations of discrimination, harassment and/or retaliation." (Compl. ¶ 53.)

The Court notes that the ADEA does not have a "Section 1981." It is therefore possible that Plaintiff is attempting to bring a retaliation claim either pursuant to 42 U.S.C. § 1981, or pursuant to a different section of the ADEA. As discussed above, to the extent Plaintiff is attempting to bring her retaliation claim pursuant to the ADEA, she has failed to exhaust her administrative remedies and the claim is therefore dismissed. To the extent she is attempting to bring a claim under 42 U.S.C. § 1981, however, she was not required to exhaust. See Metoyer v.

19

<u>Chassman</u>, 504 F.3d 919, 947 n.11 (Bea, J., dissenting) (9th Cir. 2007). The Court therefore examines that claim here.

42 U.S.C. § 1981 prohibits discrimination in the "benefits, privileges, terms and conditions" of employment. 42 U.S.C. § 1981(b); <u>Metoyer</u>, 504 F.3d at 935. The Supreme Court has held that claims for retaliation are cognizable under section 1981. <u>CBOCS West, Inc. v. Humphries</u>, 553 U.S. 442, 457 (2008). When analyzing § 1981 claims, courts apply "the same legal principles as those applicable in a Title VII disparate treatment case." <u>Metoyer</u>, 504 F.3d at 930 (quoting <u>Fonseca v. Sysco Food Servs. of Ariz. Inc.</u>, 374 F.3d 840, 850 (9th Cir. 2004)).

Here, however, Plaintiff fails to state a claim under section 1981. While the allegations in the Complaint appear to base this claim upon Plaintiff's "disabilities," nowhere else in the Complaint does Plaintiff mention having a disability or make any other factual allegations to support a claim for disability discrimination.[10/] Further, even if the Complaint contained such allegations, to the extent Plaintiff is attempting to bring a § 1981 claim based upon a disability, her age, or her Australian national origin, such claims are not cognizable. <u>See, e.g.</u>, <u>Evans v. City of Houston</u>, 246 F.3d 344, 356 (5th Cir. 2001) (noting that "§ 1981 prohibits only racial discrimination"); <u>Saint</u>

_____

[10/] Indeed, the Court again suspects that this paragraph, or possibly the entirety of Count II of the Complaint, is a typographical error.

Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987)
(acknowledging that § 1981 does not provide a remedy for
discrimination based solely on national origin); DuBerry v.
District of Columbia, 582 F. Supp. 2d 27, 40 (D.D.C. 2008)
("Section 1981 does not prohibit discrimination on the basis of
disability."). Further, to the extent Plaintiff is attempting to
bring a § 1981 claim based upon her race or ethnicity, the
Complaint contains no factual allegations that might support such
a claim. The Complaint makes no allegations that Defendants
discriminated against Plaintiff based upon her race and, indeed,
does not even identify what Plaintiff's race is. As such, to the
extent Plaintiff's retaliation claim in Count II is not barred
for failure to exhaust, it nevertheless fails. Count II of the
Complaint is therefore DISMISSED.

**V.** **Plaintiff's National Origin Discrimination Claim**

        In the "Nature of Action" section of Plaintiff's
Complaint, she states that she seeks relief for, inter alia,
"Defendants' unlawful discrimination, harassment and retaliation
against Plaintiff because of her . . . national origin . . . ."
(Compl. at 1-2.) Further, on Plaintiffs' administrative charge
form she checked the boxes for both "age" and "national
origin/ancestry" when identifying the cause of discrimination.
(See Mot., Ex. A.) Nevertheless, the rest of Plaintiff's
Complaint is entirely devoid of factual allegations supporting a

claim of discrimination based upon Plaintiff's national origin,
and none of the three causes of action in the Complaint mention
such a claim. The Court suspects that Plaintiff's fleeting
reference to a national origin claim may be a typographical
error. Nevertheless, in an abundance of caution, the Court will
address the claim briefly here.

Plaintiff's federal claims are both brought pursuant to
the ADEA, which does not provide a cause of action based upon
national origin discrimination. Thus, to the extent Plaintiff is
bringing a national origin claim at all, the Court will treat it
as a claim brought in Count III of the Complaint pursuant to
Hawaii Revised Statutes § 378-2.

Under Hawaii Revised Statutes § 378-2, it is an
unlawful discriminatory practice "[f]or any employer to refuse to
hire or employ or to bar or discharge from employment, or
otherwise discriminate against any individual in compensation or
in the terms, conditions, or privileges of employment" because of
ancestry.[11] Haw. Rev. Stat. § 378-2(a)(1)(A). Such a claim of
discrimination is governed by the same test used by the federal

---

[11] The Hawaii Administrative Code defines "ancestry" broadly
in this context as follows: "'Ancestry' means national origin; an
individual's or ancestor's place of origin; or the physical,
cultural, or linguistic characteristics of an ethnic group." Haw.
Admin. R. § 12-46-1. The Hawaii law thus appears to use the terms
"ancestry" and "national origin" interchangeably in this context.
For purposes of the instant motion, the Court will refer to
Plaintiff's claim as one for "national origin" discrimination.

courts in Title VII cases. <u>Schefke v. Reliable Collection Agency, Ltd.</u>, 32 P.3d 52, 69–70 (2001). The burden of proof in discrimination cases has been described as follows by the Ninth Circuit:

> [A] plaintiff must first establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory.

<u>Wallis v. J.R. Simplot Co.</u>, 26 F.3d 885, 889 (9th Cir. 1994).

A plaintiff may establish a prima facie case of discrimination by producing direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the defendant. <u>McGinest v. GTE Serv. Corp.</u>, 360 F.3d 1103, 1122 (9th Cir. 2004). Alternatively, a Plaintiff may proceed under the <u>McDonnell Douglas</u> burden-shifting framework to establish a prima facie case. <u>Id.</u> Under <u>McDonnell Douglas</u>, a plaintiff must prove: (1) she belongs to a protected class; (2) she was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) similarly situated employees outside her protected class were treated more favorably. <u>Cornwell v. Electra Cent. Credit Union</u>, 439 F.3d 1018, 1028 (9th Cir. 2006); <u>see also</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973).

Here, Plaintiff's Complaint contains no allegations of direct evidence of national origin discrimination. As such, Plaintiff must proceed under the McDonnell Douglas burden-shifting framework. Even assuming that Plaintiff's allegations of conduct that occurred prior to July 1, 2012 were timely (as discussed above), Plaintiff still utterly fails to allege a single fact to support a national origin discrimination claim. Plaintiff states that she is Australian; however, she makes no allegation that similarly situated non-Australian employees were treated more favorably. In her Complaint Plaintiff states explicitly that she told Matthew Brown that the harassment she was experiencing was "all age-related." (Compl. ¶ 23.) Indeed, leaving aside what appear to be typographical errors involving claims of religious and disability discrimination, all of Plaintiffs' allegations of discrimination - even including those that are clearly untimely - are allegations of discrimination based upon Plaintiff's age, not her Australian national origin. As such, to the extent Plaintiff is bringing a national origin discrimination claim, it is DISMISSED.

## VI.  Plaintiff's Religious Discrimination Claim

As noted above, Count III of the Complaint also includes a somewhat confusing reference to religious discrimination under the California Fair Employment and Housing Act ("FEHA"), even though that count is labeled "Age

Discrimination in Violation of Hawaii Revised Statutes Chapter 378." (See Compl. ¶ 61.) Specifically, Plaintiff alleges that "Defendants discriminated against Plaintiff in violation of FEHA when Defendants suspended and subsequently fired Plaintiff because she wears a hijab and would not remove her hijab." (Id.) As was the case with Plaintiff's national origin claim, however, aside from this single mention of a hijab, the Complaint is entirely devoid of factual allegations to support a religious discrimination claim. Indeed, other than this seemingly misplaced sentence, Plaintiff makes no mention of her religion at all. Further, this sentence appears to contradict Plaintiff's claims elsewhere in the Complaint that she was constructively discharged, rather than fired. (See Compl. ¶ 32.) In sum, it is not at all clear to the Court that this allegation is not simply a typographical error. Because the Complaint contains no allegations to support such a claim, to the extent Plaintiff is attempting to bring a claim based upon religious discrimination, it is DISMISSED.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. Count I of the Complaint is DISMISSED WITHOUT PREJUDICE to the extent Plaintiff bases the claim on allegations of a hostile work environment or constructive discharge, or on events that occurred prior to March 3, 2012. Count II of the

Complaint is DISMISSED WITHOUT PREJUDICE in its entirety. Count

III of the Complaint is DISMISSED WITHOUT PREJUDICE to the extent

it is premised upon events that occurred prior to July 1, 2012,

and to the extent Plaintiff seeks to bring a claim based on

religious, disability, or national origin discrimination.

       Plaintiff must file any amended complaint within thirty

days of the entry of this Order. Any amended complaint must

correct all the deficiencies noted in this Order or Plaintiff's

claims will be dismissed with prejudice.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, April 29, 2014



_____

Alan C. Kay

Senior United States District Judge

Decampo v. OS Restaurant Services LLC, et al., Civ. No. 14-00092 ACK BMK,
Order Granting Defendants' Motion to Dismiss.